## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**JAMES WRIGHT,** *individually, and on behalf of others similarly situated,*

    Plaintiff,

    v.

**UPG ROADSIDE & TOWING INC**

    Defendant.

NO. _____

FLSA Opt-In Collective

**JURY TRIAL DEMANDED**

### ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff James Wright ("Plaintiff"), individually, and on behalf of himself and all other similarly situated, brings this collective action against UPG Roadside & Towing Inc. ("Defendant") and alleges as follows:

### I.     INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid minimum wages and overtime compensation, and other damages owed to Plaintiff and others similarly situated, as defined herein.

### II.     JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and worked for Defendant in this district during all times relevant to this action. Moreover, Defendant regularly conducted and continues to conduct business

1

in this district, and has engaged, and continues to engage, in FLSA violations alleged herein in this district during all times material to this cause.

### III.   CLASS DESCRIPTION

4. Plaintiff brings this FLSA collective action on behalf of the following similarly situated persons:

> All current and former hourly-paid machine operators who were employed by and worked for the Defendant "full time" for at least one week from at any time from December 6, 2019 up to and including the present and who is a Named Plaintiff or elects to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).[1]

### IV.   PARTIES

5. Plaintiff James Wright worked for Defendant during all times material. Plaintiff Wright's Consent to Join this Collective Action is attached hereto as *Exhibit A*.

6. Defendant is a Tennessee Corporation with its principal office located at 832 Mississippi Blvd. Memphis, Tennessee 38126-4734. According to the Tennessee Secretary of State, Defendant can be served process through its registered agent: Business 360 – People Entity and Product Development Group, Inc. at 1331 Union Avenue, Memphis, TN 38104-3513.

7. Defendant has been the "employer" of Plaintiff and those similarly situated as that term is defined under the FLSA during all times material to this action

### V.   ALLEGATIONS

8. Defendant owns and operates a mixture of larger tow trucks and a smaller "snatch" truck in which it tows and recovers vehicles in the Memphis, Tennessee area. Its vehicles consist of trucks with a gross vehicle weight rating ("GVWR") in excess of 5 tons and a "snatch" truck with a GVWR of less than five (5) tons. Plaintiff and those similarly

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

situated were trained and expected to drive both larger trucks weighting in excess of 5 tons and the smaller "snatch" truck weighing less than 5 tons in towing and recovering vehicles for Defendant.

9. Plaintiff and those similarly situated were expected to drive the "snatch" truck weighing less than 5 tons within weekly pay periods if called upon to do so. Plaintiff did drive the "snatch" truck within a weekly pay period during all times material.

10. Plaintiff and those similarly situated typically worked in excess of 40 hours per week for Defendant but were not paid for all such work time at the FLSA minimum wage rate of pay of $7.25 per hour within weekly pay periods during all times material.

11. Plaintiff and similarly situated were not paid for all hours over 40 per week they performed for Defendant at the applicable overtime rates of pay within weekly pay periods during all times material to this action.

12. The unpaid minimum wage and unpaid overtime compensation claims of Plaintiff and other similarly situated are unified through a common theory of Defendant's FLSA violations.

13. Defendant has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Original Collective Action Complaint.

14. Defendant was responsible for establishing and administering pay policies and practices that related to Plaintiff and those similarly situated.

15. Plaintiff and those similarly situated have been "employees" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

16. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

17. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

18. Defendant is not entitled to an overtime exemption for overtime work in which Plaintiff and those similarly situated were expected to drive the "snatch" truck weighing less than 5 tons within weekly pay periods.

19. Defendant failed to record all the hours worked (including overtime hours worked) of Plaintiff and those similarly situated and thus failed to keep proper time and payroll records as required by the FLSA.

20. Defendant is unable to bear its burden of showing Plaintiff and those similarly situated were within any of the FLSA overtime exemptions during all times material.

21. Defendant willfully violated the FLSA with reckless disregard to clearly established FLSA minimum wage and overtime compensation requirements.

22. Defendant's conduct was without a good faith basis.

23. The net effect of Defendant's FLSA violations was a scheme to save on payroll costs and payroll taxes for which Defendant has enjoyed ill gained profits at the expense of Plaintiff and the members of the class.

## VI.   COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b).

25. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

26. While the exact number of collective members is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, he believes there are more than 100 individuals in the class.

27. Plaintiff and collective members are similarly situated as their claims are based on Defendant's compensation and time keeping plans and practices, as previously described.

28. They are similarly situated in that their claims are united through common theories of Defendant's FLSA statutory violations.

29. Defendant acted willfully and/or with reckless disregard to established FLSA overtime wage requirements.

30. Plaintiff and collective members have suffered, and will continue to suffer, irreparable damage from the unlawful compensation plans and practices of Defendant.

## COUNT I
## FLSA WAGE VIOLATIONS

31. Plaintiff repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

32. At all times relevant herein, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. Defendant has required, induced, expected, and/or suffered and permitted, Plaintiff and other class members to perform work without compensating them by at least the FLSA required minimum wage rate of pay of $7.25 per hour for hours of 40 or less per week, and at the applicable overtime compensation rates of pay for hours over 40 per week,

within weekly pay periods during all times material to this action.

34. Defendant has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and other class members by at least minimum wage rate of pay per hour for 40 hours or less per week and at the applicable overtime rates of pay for hours over 40 per week.

35. Defendant acted willfully, and without a good faith basis, in its failure to pay Plaintiff and class members at the required minimum wage rate of pay for hours of 40 or less per week, and at the applicable FLSA overtime rates of pay for hours in excess of 40 per week.

36. As a result of Defendant's willful failure (without a good faith basis) to compensate Plaintiff and class members by at least the FLSA required minimum wage rate of pay for hours of 40 or less per week, and at the applicable overtime rates of pay for hours in excess of 40 per week, it has violated (and continues to violate) the FLSA.

37. Due to Defendant's willful FLSA violations and lack of a good faith basis, Plaintiff and class members are entitled, and hereby seek, to recover from Defendant compensation for unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

38. The unpaid minimum wage and overtime compensation claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

**PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of himself and all other class members, requests this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf Plaintiff and class members and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other class members the right to opt-in to this action and assert timely FLSA claims by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid minimum wages to Plaintiff and class members;

C. An award of compensation for unpaid overtime wages to Plaintiff and class members;

D. An award of liquidated damages to Plaintiff and class members;

E. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and class members;

F. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

G. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

H. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: December 7, 2022.                    Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***